**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COLLEEN M. BRADLEY** | **CIVIL ACTION**<br><br>**NO. 15-2681** |
| **WEST CHESTER UNIVERSITY OF THE PENNSYLVANIA STATE SYSTEM HIGHER EDUCATION** | |

Baylson, J.                                                                                               December 9, 2015

## MEMORANDUM RE MOTION TO DISMISS

### I.   INTRODUCTION

Like other, more high-profile disputes that have embroiled this country in recent years, this suit arises from an attempt to balance a budget.   In her Complaint, plaintiff Colleen M. Bradley ("Plaintiff") alleges a First Amendment retaliation claim under 42 U.S.C. § 1983.   Plaintiff also alleged state law claims under the Pennsylvania Whistleblower Law, and for negligent as well as intentional infliction of emotional distress.   The gist of Plaintiff's complaint is that she was dismissed because of her outspoken concerns about the budget process. Plaintiff brings all claims against all Defendants.   Defendants West Chester University of the Pennsylvania State System of Higher Education ("West Chester"), the Pennsylvania State System of Higher Education ("State System" or "PASSHE"), Mark Mixner ("Mixner"), Lawrence A. Dowdy ("Dowdy"), Dr. Gregory R. Weisenstein ("Weisenstein"), Dr. Mark G. Pavlovich ("Pavlovich"), Lois M. Johnson ("Johnson") and Ginger Coleman ("Coleman" and, together with Mixner, Dowdy, Weisenstein, Pavlovich and Johnson, the "Individual Defendants") have moved to dismiss Plaintiff's Section 1983 claim and supplemental state law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).   Defendants additionally move to dismiss all

claims under Rule 12(b)(6) for failure to state a cause of action. For the following reasons, Defendants' Motion is **GRANTED**.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges the following facts. She was formerly employed by defendant West Chester as Director of Budget and Financing Planning. (Compl. ¶¶ 28-29, Dkt. 1; see also Compl. Exs. 2, 3). West Chester is a publicly funded institution of higher learning and is a member university of the State System, the Commonwealth agency responsible for governing the Commonwealth's fourteen (14) public universities. (Compl. ¶¶ 14, 21). Defendant Mixner is a PASSHE employee and VP of Finance and Administration and Chief Financial Officer at West Chester. (Compl. ¶ 18). Mixner is Plaintiff's immediate supervisor. (Id.). Defendant Weisenstein is a PASSHE employee, and is the President and Chief Executive Officer of West Chester. (Compl ¶ 16). During the relevant time period at issue in the Complaint, Defendant Dowdy was a PASSHE employee, and served as both Executive Deputy to the President at West Chester and as a Member of West Chester's Administrative Budget Committee. (Compl. ¶ 17). Defendant Pavlovich is a PASSHE employee and Vice President of Advancement and sponsored Research. (Compl. ¶ 19). Defendant Johnson is a PASSHE employee and is responsible for, among other things, budgeting. (Compl. ¶ 22). Defendant Coleman is a PASSHE employee and Manager—Budget Planning/Analysis. (Compl. ¶ 23).

On May 14, 2015, Plaintiff filed a Complaint, alleging a First Amendment retaliation claim under 42 U.S.C. § 1983, state-law claims under the Pennsylvania Whistleblower Law, and for negligent as well as intentional infliction of emotional distress. (Compl. ¶¶ 192-208). Plaintiff brings all claims against all Defendants. Plaintiff's Complaint is comprised of sixty-two

(62) pages, two-hundred and eight (208) paragraphs, and seventy-six (76) exhibits.

Defendants have moved to dismiss Plaintiff's § 1983 claim and supplemental state law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Defs.' Mot. to Dismiss, Dkt. 3). Defendants additionally move to dismiss all claims under Rule 12(b)(6) for failure to state a cause of action. In their Motion to Dismiss, Defendants annexed two (2) exhibits, neither of which is annexed to Plaintiff's Complaint.

On November 12, 2015, this Court ordered that counsel for both parties address whether the Court must convert Defendants' Motion to Dismiss into a motion to summary judgment pursuant to Rule 12(d), as Defendants' Motion contained matters outside the pleadings. (Order, Dkt. 6). Counsel for both parties submitted memoranda indicating that they are opposed to such conversion. (Dkt. 7, 8). Because the Court resolves the instant Motion on considerations of subject matter jurisdiction alone, the parties' supplemental briefing on the issue of conversion is, as of yet, irrelevant.

## IV.   JURISDICTION AND STANDARD OF REVIEW

The Court's jurisdiction over Plaintiff's First Amendment retaliation claim arises under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and over Plaintiff's state-law claims under 28 U.S.C. § 1367.

### A.   Rule 12(b)(1)

Rule 12(b)(1) permits courts to dismiss claims for want of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The Third Circuit has recognized that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir.1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100, (1984)). Thus, Rule 12(b)(1) serves as the proper means by

which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment. Id.

A challenge to subject matter jurisdiction under Rule 12(b)(1) may take two forms: a facial attack or a factual challenge. U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir.2007). A Rule 12(b)(1) motion asserting sovereign immunity under the Eleventh Amendment is "properly treated as a facial challenge." Sixth Angel Shepherd Rescue Inc. v. West, 790 F.Supp.2d 339, 349 (E.D. Pa.2011). When considering a facial challenge, the court "must consider the allegations of the complaint as true." Mortensen v. First Fed. Sav. & Loan. Ass'n, 549 F.2d 884, 891 (3d Cir.1977). Moreover, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould, 220 F.3d at 176 (internal citations omitted).

**B. Rule 12(b)(6)**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Supreme

Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss, the Court "should conduct a two-part analysis." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." Id. at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

## V. DISCUSSION

Defendants move to dismiss all claims asserted by Plaintiff. For the following reasons, the Court grants Defendants' Motion.

### A. Eleventh Amendment Sovereign Immunity Deprives this Court of Jurisdiction Over Plaintiff's First Amendment Retaliation Claim

Plaintiff invites this Court to overrule binding Third Circuit precedent holding that the State System and its member institutions are entitled to immunity under the Eleventh Amendment, arguing that intervening case law analyzing the doctrine of state sovereign immunity has undergone a fundamental shift. The Court politely declines this invitation.

Pursuant to the Eleventh Amendment of the United States Constitution,[1] a "state [is] . . . immune from liability for damages in a suit brought in federal court by one of its own citizens." Dellmuth v. Muth, 491 U.S. 223, 229 n.2 (1989). Sovereign immunity extends to cover certain actions against state "agents" and state "instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). The Eleventh Amendment also bars suits for monetary damages against state officials acting in their official capacity. Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Seybert v. West Chester Univ., 83 F. Supp. 2d 547, 553 (E.D. Pa. 2000) (dismissing Section 1983 claim against West Chester University and individual defendant, but granting plaintiff leave to amend to assert such claim against individual defendant in his individual

---

[1] The full text of the Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

6

capacity). The Third Circuit,2 district courts within the Circuit3 and this Court4 have consistently held that PASSHE and its member universities are entitled to sovereign immunity under the Eleventh Amendment. Furthermore, this Court has, on several occasions, reiterated that proposition specifically as to West Chester. Seybert, 83 F. Supp. 2d at 553 (concluding that West Chester enjoys immunity from Section 1983 claims under the Eleventh Amendment because it is a PASSHE member institution); Layser v. Morrison, 935 F. Supp. 562 (E.D. Pa. 1995) (stating "West Chester University's status as a state agency with sovereign immunity precludes Plaintiff from asserting a § 1983 claim against West Chester.").

With respect to Plaintiff's Section 1983 claims, Pennsylvania has not waived its immunity. 42 Pa. Cons. Stat. § 8521. Accordingly, the general rule is that state agencies such as PASSHE, and its member institutions, enjoy sovereign immunity as to claims brought under 42 U.S.C. § 1983. O'Hara v. Ind. Univ. of Pa., 171 F. Supp. 2d 490, 495 (W.D. Pa. 2001). Though the Supreme Court has articulated an exception to certain state agencies' immunity under Section 1983 (see Monnel v. Dep't of Soc. Servs., 436 U.S. 658, 690-91), "because the State System of Higher Education and its component universities are an arm of the State, not of any municipality or local government, the 'custom, policy and practice' exception of Monnell is inapplicable." O'Hara, 171 F. Supp. 2d at 499; accord Seybert, 83 F. Supp. 2d at 553 (dismissing claims brought against PASSHE university under Section 1983 pursuant to Eleventh Amendment sovereign immunity).

---

2 Skehan v. State Sys. of Higher Educ., 815 F.2d 244 (3d Cir. 1987).
3 Borrell v. Bloomsburg Univ., 955 F. Supp. 2d 390 400 & n.1 (M.D. Pa. 2013) (dismissing claims against Bloomsburg, as a state university organized under PASSHE, and employees of Bloomsburg as they were immune under the Eleventh Amendment); O'Hara v. Ind. Univ. of Pa., 171 F. Supp. 2d 490, 496 (W.D. Pa. 2001) (stating it is "well settled" that PASSHE universities are entitled to the protection of the Eleventh Amendment).
4 McKinnie v.Conley, No. 04-932, 2006 WL 2927312, at *2 (E.D. Pa. Oct. 6, 2006) (concluding that plaintiffs' claims against Cheyney University of Pennsylvania were barred as Cheyney, a member of PASSHE, is entitled to sovereign immunity).

Plaintiff cites recent federal and state case law regarding the Southeastern Pennsylvania Transportation Authority ("SEPTA") in support of its contention that Eleventh Amendment jurisprudence has evolved such that neither PASSHE nor West Chester are entitled to sovereign immunity and so her claims against Defendants may proceed. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss Compl. ("Pl.'s Opp'n") 5-22, Dkt. 4). In <u>Cooper v. SEPTA</u>, 548 F.3d 296, 297 (3d Cir. 2008), the Third Circuit revisited its determination in <u>Bolden v. SEPTA</u>, 953 F. Supp. 2d 807 (3d Cir. 1991) (en banc), <u>cert. denied</u>, 504 U.S. 943 (1992) that SEPTA was *not* an arm of the state entitled to Eleventh Amendment sovereign immunity. Though the Third Circuit acknowledged that "Supreme Court jurisprudence since <u>Bolden</u> has promoted us to alter our sovereign immunity analysis," the Court recognized its "analysis of each individual factor in <u>Bolden</u> remains instructive" and ultimately determined that SEPTA still was not entitled to sovereign immunity. <u>Cooper</u>, 548 F.3d at 300-02, 309. In <u>Goldman v. SEPTA</u>, 57 A.3d 1154, 1185 (Pa. 2012), upon which Plaintiff also extensively relies, the Supreme Court of Pennsylvania held that SEPTA was not an arm of the Commonwealth of Pennsylvania and therefore not entitled to Eleventh Amendment immunity. Plaintiff acknowledges that <u>Goldman</u> is not binding on this Court, but nonetheless urges that the decision is instructive as to whether PASSHE and West Chester would be afforded sovereign immunity by "the highest court and other courts of the Commonwealth." (Pl.'s Opp'n 13).

Defendants respond by highlighting the non-precedential nature of <u>Goldman</u> as well as the extensive body of case law that has developed in this Circuit and its district courts, a fraction of which is cited above, holding that PASSHE and its member institutions are entitled to Eleventh Amendment sovereign immunity. (Defs.' Reply Mem. of Law in Further Supp. of Defs.' Mot. to

8

Dismiss ("Defs.' Reply") 5-6, Dkt. 5). Defendants correctly contend that this Court cannot ignore binding precedent that speaks directly to the issue at hand. (Defs.' Reply 6). Skehan is binding precedent, which this court must follow. See Garcia v. Att'y Gen., 553 F.3d 724, 727 (3d Cir. 2009) ("We are bound by precedential opinions of our Court unless they have been reversed by an en banc proceeding or have been adversely affected by an opinion of the Supreme Court.").

Accordingly, Defendants are entitled to the protection afforded by the Eleventh Amendment, and Plaintiff may not assert Section 1983 claims against West Chester, PASSHE or the Individual Defendants in their official capacity.

For the foregoing reasons, Plaintiff's Section 1983 claim is dismissed without prejudice to Plaintiff amending her Complaint to state a claim again the Individual Defendants in their individual capacity.

### B.  Plaintiff's First Amendment Retaliation Claim

Though the Court's decision in ruling on this Motion to Dismiss is confined to the issue of Eleventh Amendment sovereign immunity, the Court provisionally remarks that Plaintiff must take care, if she chooses to file an Amended Complaint, to heed the Supreme Court's holding in Garcetti v. Ceballos, 57 U.S. 410, 418 (2006)[5] that, to establish that the activity was protected by the First Amendment in a First Amendment retaliation claim, the plaintiff must show that she spoke as a citizen and on a matter of public concern.

### VI.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and the Complaint will be **DISMISSED** with prejudice as to the state institutions and the individual

---

[5] The Third Circuit recently reiterated and explicated the Supreme Court's holding in Garcetti. Dougherty v. Sch. Dist. of Phila., 772 F.3d 979, 989 (3d Cir. 2014).

...

defendant's suit in their official capacity, and without prejudice otherwise.[6] Plaintiff's First Amendment retaliation claim against PASSHE and West Chester will be dismissed with prejudice, for lack of subject matter jurisdiction. Plaintiff's claims against the Individual Defendants under § 1983 will be dismissed without prejudice, with leave to amend. Although Plaintiff alleges that the Individual Defendants acted "under color of state law," she does not specifically allege they are sued in their individual capacity. The Court will allow an Amended Complaint.

In doing so, the Court will require that Plaintiff:

(1) restate her allegations under Rule 8 (a "short and plain statement"), as interpreted by Twombly and Iqbal supra.; and

(a) in this respect, the Court notes that there is no need for Plaintiff to include such a large number of paragraphs or attach any exhibits. However, because Plaintiff has already attached exhibits to her Complaint, she can refer back to the exhibits attached to the original Complaint if necessary.

(2) re-examine whether all individual Defendants named in the original Complaint must be sued in order for Plaintiff to get relief and, as to each Defendant, she must allege specific facts showing individual liability.

An appropriate Order follows.

O:\CIVIL 15\15-2681 BRADLEY V. WEST CHESTER\15CV2681.MEMO.MTD.DOCX

---

[6] With the dismissal of Plaintiff's Section 1983 claim, all that remains to her Complaint are state law claims. The Court declines to rule on these supplemental state law claims at this time, and Plaintiff may assert these claims in an amended complaint.