IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COLLEEN M. BRADLEY** <br><br> v. <br><br> **WEST CHESTER UNIVERSITY OF THE PENNSYLVANIA STATE SYSTEM HIGHER EDUCATION et al.** | **CIVIL ACTION** <br><br> NO. 15-2681 |

Baylson, J.                                                                                             April 19, 2016

### MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

As the Court previously noted, this case involves 42 U.S.C. § 1983 claims for deprivation of First Amendment rights as well as state law counts under the Pennsylvania Whistleblower Law (43 P.S. § 1421), and for negligent and intentional infliction of emotional distress.  Plaintiff Colleen M. Bradley ("Plaintiff") asserts these causes of action as a result of the nonrenewal of her employment contract as Director of Budget & Financial Planning at West Chester University after she vocalized her opposition to certain alleged budgetary practices.  Defendants West Chester University of the Pennsylvania State System of Higher Education ("West Chester"), the Pennsylvania State System of Higher Education ( "PASSHE") (together with West Chester, the "Entity Defendants"), Mark Mixner ("Mixner"), Lawrence A. Dowdy ("Dowdy"), Dr. Gregory R. Weisenstein ("Weisenstein"), Dr. Mark G. Pavlovich ("Pavlovich"), and Lois M. Johnson ("Johnson" and, together with Mixner, Dowdy, Weisenstein, and Pavlovich, the "Individual Defendants") have moved (ECF 17) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's First Amended Complaint, ECF 16 (the "Amended Complaint").  For the reasons that follow, Defendants' Motion shall be granted in substantial part and denied in part.

Specifically, Plaintiff's Section 1983 claims shall be dismissed with prejudice against all

Defendants except Mixner in his individual capacity; Plaintiff's Pennsylvania Whistleblower Law claims shall be dismissed against all Defendants without prejudice to being refiled in state court; and Plaintiff's intentional and negligent infliction of emotional distress claims shall be dismissed without prejudice against all Defendants except Mixner.

## I. Standards of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss under Rule 12(b)(1) styled as a facial challenge as Defendants' Motion is (as opposed to a factual challenge) to the complaint, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

## II. The Court Will Accept Plaintiff's Limiting Construction of Her Complaint

This Court previously granted Defendants' Motion to Dismiss Plaintiff's Complaint on grounds that the Eleventh Amendment bars her First Amendment Section 1983 claims against the Entity Defendants and the Individual Defendants in their official capacities. ECF 9. Although Plaintiff claims that the Amended Complaint states only "individual capacity First Amendment retaliation claims under Section 1983 against the [Individual Defendants]," ECF 18 at 10, the

Amended Complaint itself has language suggesting the retention of a 1983 claim against the Individual Defendants in their official capacities.  ECF 16 ¶ 51 (emphasis added) ("The conduct of the [Individual Defendants], <u>in both their official capacities and individual capacities</u>, violated Ms. Bradley's rights under the First Amendment to the U.S. Constitution as made actionable against such Defendants pursuant to the Civil Rights Act of 1871, as amended in 42 U.S.C. Section 1983").

Rather than require yet more motion practice, the Court will accept Plaintiff's limiting construction of her Amended Complaint to only state claims against the Individual Defendants in their individual capacities.  On this basis, Defendants' Motion to Dismiss the First Amendment retaliation claims for lack of subject matter jurisdiction shall be denied.

### III.     Plaintiff's Section 1983 Claims Against All Individual Defendants Except Mixner Fail to Specify Facts Showing Individual Liability

In allowing Plaintiff to file an Amended Complaint, the Court specifically admonished that "as to each Defendant, [Plaintiff] must allege specific facts showing individual liability."  ECF 9 at 10.  The Court did so pursuant to binding Third Circuit precedent.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of <u>respondeat superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.").

Plaintiff has largely failed to heed the Court's instruction or satisfy the Third Circuit's standard.  Plaintiff's Amended Complaint retains all Defendants from the original Complaint except for Ginger Coleman, yet it does not in any meaningful way specify how each Defendant

3

purportedly violated Plaintiff's constitutional rights.   Two critical paragraphs of Plaintiff's Amended Complaint, in which Plaintiff says she "was directed to include false information in [West Chester] budgets submitted to PASSHE in order for [West Chester] to fraudulently obtain greater appropriations from the Commonwealth" and that she "vocalized her opposition" to this practice, do not specify which if any of the Individual Defendants played any role in retaliating against her, when these directions occurred, and which if any of the Defendants knew about them. ECF 16 ¶¶ 45, 46.   Paragraph nine, which alludes to unspecified statements made at a meeting of West Chester's Enrollment Management Committee, at least alleges the speech occurred in "late October 2014" – but even this paragraph fails to state which if any of the Individual Defendants knew about Plaintiff's actions.   Although portions of the Amended Complaint mention a supposed "conspir[acy]" (id. ¶ 52), there are no facts pled plausibly suggesting that such a conspiracy existed or that any of the Individual Defendants had anything other than a normal employee relationship with one another.

     Apart from identifying them at the outset, the facts section of Plaintiff's Amended Complaint does not once mention Weisenstein, Dowdy, Pavlovich or Johnson.   Plaintiff instead conclusorily posits in her Opposition that it is "plausible" that these individuals were aware of Plaintiff's speech and participated in or acquiesced in the "termination" decision (which was actually a nonrenewal decision).   ECF 18 at 24.   This bald argument cannot satisfy Ashcroft v. Iqbal's requirement that Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." 556 U.S. 662, 678 (2009).

     As to Mixner, however, the Amended Complaint contains sufficient detail to proceed. The Amended Complaint alleges that Mixner gave Plaintiff positive performance reviews through

4

September 26, 2014, ECF 16 ¶¶ 30-32, 34-35, 38-40, only to abruptly reverse course less than two months later on November 18 after Plaintiff made certain complaints in late October, id. ¶¶ 9, 47-48; ECF 1-7 Pl. Ex. 74.  The Court notes that although the Amended Complaint is vague as to both what speech Plaintiff made and Mixner's awareness thereof, at this stage of the proceedings the Court cannot rule as a matter of law that his change in position was totally divorced from First Amendment concerns.

The Court thus proceeds to the merits of Plaintiff's Section 1983 claim as against Mixner in his individual capacity.

### IV. Defendants' Motion Shall Be Denied as to the First Amendment 1983 Claim Against Mixner

"To state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action. The first factor is a question of law; the second factor is a question of fact."  Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009) (citations omitted).  "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made."  Hill v. Borough of Kutztown, 455 F.3d 225, 241-42 (3d Cir. 2006) (citations omitted).

"The proper inquiry [as to whether a public employee spoke as a citizen] is a practical one. Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the

5

employee's professional duties for First Amendment purposes." Garcetti v. Ceballos, 547 U.S. 410, 424-25 (2006). Relying on the Supreme Court's admonition that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes," Lane v. Franks, 134 S. Ct. 2369, 2378 (2014) (citations omitted), Defendants argue that any speech Plaintiff made concerning budgetary issues at West Chester fell within her official duties as Director of Budget & Financial Planning.

However, Plaintiff's Amended Complaint pleads that it was not part of Plaintiff's job duties to investigate or report false or fraudulent financial reporting. ECF 16 ¶¶ 41-42. While Defendants argue that this is "merely a legal conclusion disguised as a fact," ECF 17-1 at 10, the Court does not agree. As the Third Circuit has held, "[w]hether a particular incident of speech is made within a particular plaintiff's job duties is a mixed question of fact and law." Flora v. Cty. of Luzerne, 776 F.3d 169, 175 (3d Cir. 2015) (citations omitted). At this stage of the proceedings, the Court cannot hold as a matter of law that Plaintiff's purported speech fell within her duties at West Chester (and therefore outside the realm of the First Amendment). Further development of the record can conclusively resolve the issue. Accordingly, as to Mixner, Plaintiff's First Amendment retaliation claim survives dismissal.

## V. The Eleventh Amendment Bars Plaintiff's Claims Under the Pennsylvania Whistleblower Law from Being Heard in Federal Court

"Pennsylvania state colleges and the Pennsylvania State System of Higher Education [are] entitled to immunity" under the Eleventh Amendment to the U.S. Constitution. Kovats v. Rutgers, The State Univ., 822 F.2d 1303, 1312 (3d Cir. 1987); see also Seybert v. W. Chester Univ., 83 F. Supp. 2d 547, 553 (E.D. Pa. 2000) (same). The parties have briefed the issue of whether this Court may hear Plaintiff's Whistleblower Law claims in light of that immunity.

6

Defendants argue that the Eleventh Amendment precludes this Court from adjudicating the Whistleblower Law claims. ECF 17-1 at 7-8. Defendants have come forward with district court authority supporting their argument. Aguilar v. Pa. Apple Mktg. Program, No. 1:05-CV-0804, 2006 WL 167820, at *4 (M.D. Pa. Jan. 19, 2006) (citations omitted) ("Although [the state agency] and [its] directors in their official capacities, may be sued under Pennsylvania's Whistleblower Law, 43 P.S. § 1421 et seq. (2005), the statute does not expressly abrogate Eleventh Amendment immunity from suit in federal court"); Brandon v. Dep't of Pub. Welfare, No. CIV. A. 95-CV-5597, 1996 WL 535077, at *3-4 (E.D. Pa. Sept. 23, 1996) (dismissing a Whistleblower Law claim premised on the ultra vires exception to Eleventh Amendment immunity because the court would only be able to give the plaintiff partial relief). Defendant further argues that it would be inappropriate for this Court to exercise supplemental jurisdiction over the Whistleblower Law claims, either because supplemental jurisdiction cannot override Eleventh Amendment immunity or because the claim involves complex and novel issues of state law. In a footnote, Defendants call attention to the fact that while Section 1983 draws a distinction between suits against individuals in their individual versus official capacities, the Supreme Court and Third Circuit have never created a similar distinction for state law claims.

Plaintiff responds that Pennsylvania waived its sovereign immunity by enacting the Pennsylvania Whistleblower Law. ECF 18 at 27-28. Plaintiff cites Halstead v. Motorcycle Safety Foundation, Inc., 71 F. Supp. 2d 464, 471-72 (E.D. Pa. 1999), which held that "it is clear that the Pennsylvania legislature effectively abrogated the Commonwealth's sovereign immunity when it enacted the Whistleblower Law." [1]

---

1 Plaintiff also cites to Cindrich v. Fisher, Civil Action No. 05-cv-1348, 2006 WL 931616 (W.D. Pa. Apr. 10, 2006), but that case is clearly inapposite. Although Cindrich initially characterized the defendants' argument as grounded in

7

In reply, Defendants argue that Plaintiff is conflating sovereign immunity under the Eleventh Amendment with state sovereign immunity.   ECF 19 at 3-4.   As the Supreme Court has held, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation."   Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999).   Defendants note that Plaintiff cannot cite any cases affirmatively holding that Eleventh Amendment immunity does not prevent a federal court from hearing a Whistleblower Law claim.[2]   The Court, however, has located several cases that appear to either have not considered Eleventh Amendment implications or presupposed that the Eleventh Amendment is not a bar.   See Obotetukudo v. Clarion U. of Pa., Civil Action No. 13-0639, 2015 WL 1524460, at *15 (W.D. Pa. Apr. 2, 2015) (holding that a claim under the Pennsylvania Human Rights Act was barred by Eleventh Amendment immunity while simultaneously holding that a claim under the Whistleblower Law was untimely rather than precluded) and Dennison v. Pa. Dep't of Corr., 268 F. Supp. 2d 387, 404-07 (M.D. Pa. 2003) (similarly holding that Human Rights Act claims were barred by Eleventh Amendment immunity while resolving Whistleblower Law claims on the merits and allowing portions thereof to go to trial); see also Abuomar v. Pa. Dep't of Corr., Civil Action No. 4:14-CV-1036, 2015 WL 2073783, at *4 (M.D. Pa. May 4, 2015) (analyzing the merits of a Whistleblower Law claim).

The Court has examined this question in detail.   There do not appear to be any Third Circuit cases squarely addressing whether the Eleventh Amendment bars a federal court from hearing Pennsylvania Whistleblower Law claims when the defendants are state employees.   The

---

the Eleventh Amendment, the case clarified that the key dispute was actually a misinformed application of Rule 25(d) of the Federal Rules of Civil Procedure governing the substitution of public officers when they leave office.
2 Halstead specifically distinguished between Eleventh Amendment immunity and state sovereign immunity; the language Plaintiff quotes applied only to the court's discussion of state sovereign immunity.   71 F. Supp. 2d at 470.

closest pronouncement is a non-precedential affirmance of a case holding that the Eleventh Amendment does bar Whistleblower Law claims, though the issue was not mentioned in the Third Circuit's opinion.  See Aubrecht v. Pa. State Police, No. 2:06CV1053, 2009 WL 793634, at *9 (W.D. Pa. Mar. 23, 2009) ("At Count III of his complaint, Aubrecht alleges a claim against the Commonwealth Defendants for violation of Pennsylvania's Whistleblower Law, 43 Pa. Stat. § 1421 et seq. The Eleventh Amendment to the Constitution bars this claim against the PSP and the individual Commonwealth Defendants, to the extent they are being sued in their official capacities."), aff'd, 389 F. App'x 189 (3d Cir. Aug. 5, 2010) (unpublished).   At the same time, the Third Circuit noted in passing (and without commentary on the Eleventh Amendment) that a district court, "having dismissed with prejudice all claims arising under federal law . . . declined to exercise supplemental jurisdiction over the remaining claims asserted under the Pennsylvania Whistleblower Law and the Pennsylvania Human Relations Act."  Hildebrand v. Allegheny Cty., 757 F.3d 99, 104 (3d Cir. 2014), cert. denied sub nom., Hildebrand v. Allegheny Cty., Pa., 135 S. Ct. 1398 (2015).

In construing the Whistleblower Law, the Court is mindful of the Supreme Court's continual instruction that "a waiver of sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign," Sossamon v. Texas, 563 U.S. 277, 285 (2011) (citations omitted), and the Third Circuit's directive that "a State may consent to suit by making a clear declaration that it intends to submit itself to federal court jurisdiction."  Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 195-96 (3d Cir. 2008) (emphasis added).   There is no such clear showing within the text of the Whistleblower Law itself or its legislative history.   In fact, in enacting the bill the legislature appears to have only contemplated having Whistleblower Law

9

cases heard in state court.  See Pa. Legis. J.—House, June 18, 1985, pp. 1230 ("Mr. CHADWICK: […] Remember, Mr. Speaker, under this bill, depending on the level of employment, an action could be brought by an employee in the courts of common pleas of any of our 67 counties."); id. at 1231 ("Mr. CHADWICK: […] As I indicated, an action can be brought in our county courts of common pleas; we have 67 counties in this Commonwealth.  What we are headed for is a situation where in every case we may well have an appeal to the appellate courts of this State to make a determination as to whether or not a particularly organization is substantially or not substantially funded.").

Absent more explicit evidence of consent to suit, this Court cannot find that Pennsylvania has agreed to waive its Eleventh Amendment immunity in enacting the Whistleblower Law.  Cf. 42 Pa. Cons. Stat. § 8521(b) (2016) (clarifying that Pennsylvania's waiver of state sovereign immunity for negligence as enumerated in Section 8522 does not operate to waive Eleventh Amendment immunity).  As a result, this Court lacks jurisdiction to hear Plaintiff's claims under the Whistleblower Law.  This Court will accordingly dismiss Count II of Plaintiff's Complaint, alleging violations of the Pennsylvania Whistleblower Law, against all Defendants.  This dismissal shall be without prejudice to refiling in the appropriate Pennsylvania state court.

### VI. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Claims for Intentional and Negligent Infliction of Emotional Distress Except As to Defendant Mixner

Pursuant to 28 U.S.C. § 1367(c) (2015), this Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction.  As to every Defendant except Mixner, the Court has dismissed the First Amendment retaliation claims which formed the basis for federal jurisdiction against each of those Defendants.  The Court therefore

declines to exercise supplemental jurisdiction over the common law claims as to all Defendants except Mixner.

As to Mixner, Pennsylvania's state sovereign immunity protects Commonwealth employees for acts within the scope of their employment. Watkins v. Pa. Bd. of Prob. and Parole, No 02CV2881, 2002 WL 32182088, at *8 (E.D. Pa. Nov. 25, 2002) ("[A] Commonwealth agency and its employee acting within the scope of his employment is protected by sovereign immunity from intentional torts. Further, none of [the] limited negligent categories where the Commonwealth has explicitly waived immunity is applicable to the plaintiff's claims for negligent infliction of emotional distress.").

Plaintiff's Amended Complaint appears to only allege that Mixner acted within the scope of his employment in committing these torts. See ECF 16 at ¶ 59. Nevertheless, the Court "will, at this stage of the proceedings, infer from the allegations that some of the actions by [Mixner may have taken] place outside the scope of [his] employment. Consequently, sovereign immunity protection will not be extended to [him] for intentional and negligent infliction of emotional distress claims resulting from conduct committed outside the scope of [his] office or employment." Watkins, 2002 WL 32182088, at *8.

The Court notes that Defendants did not raise a challenge to whether Plaintiff's complaint has plausibly alleged the elements of these common law claims, and the Court expresses no opinion on whether such a challenge would have succeeded.

### VII. Conclusion

Plaintiff obviously feels strongly that she was mistreated by the Defendants. The majority of actions she has outlined, however, simply are not legally actionable in this forum. For the

11

reasons described above, she has only plausibly alleged First Amendment retaliation by Defendant Mixner.   Plaintiff's Pennsylvania Whistleblower Law claims cannot be heard in this Court due to the Eleventh Amendment, and the Court declines to exercise supplemental jurisdiction over her common law tort claims as against any Defendant except for Mixner.   As to him, Counts III and IV will survive to the extent they assert his actions were committed outside the scope of his employment.

An appropriate Order follows.

O:\CIVIL 15\15-2681 BRADLEY V. WEST CHESTER\15CV2681.MEMO.MTD2.DOCX